**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 13, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-60162
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee

versus

SHAREE NICOLE PHILLPOTTS,

Defendant-Appellant

----------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(3:05-CR-58-ALL)
----------------------

Before GARWOOD, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Sharee Nicole Phillpotts appeals the district court's sentence imposed following her guilty-plea conviction on one count of mail fraud, in violation of 18 U.S.C. § 1341. She was sentenced to twenty months in prison, to be followed by three years supervised release, $18,000 restitution, and $100 special assessment fee. Her term of imprisonment is outside the Guidelines, so our review is for reasonableness.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As calculated in the Pre-Sentencing Report prepared by probation, Phillpotts's Guideline sentence range was 8-14 months for her crime of conviction, which carries a maximum sentence of 20 years. At the sentencing hearing, the district court advised the parties that it planned to sentence outside the Guidelines and invited comments. After acknowledging the Guideline range and accepting the Pre-Sentencing Report, the court determined to sentence Phillpotts outside the Guidelines because (1) while out on bond awaiting sentencing, she left Mississippi without obtaining permission and without notifying her probation officer, and (2) she did not interview with probation.

We have carefully reviewed the record on appeal and the appellate briefs of the parties, especially comparing the sentence here imposed and its relationship to the Guideline range in light of our analogous case law. As a result, we are satisfied that, under the post-Booker Guidelines regime, including our plain error standard of review because of defense counsel's failure sufficiently to object to the district court's deviation from the Guidelines, the sentence of the district court is not inconsistent with the factors set forth in 18 U.S.C. § 3553(a) and, under all relevant facts and circumstances, it is not unreasonable. Given the strong deference we owe to the sentencing courts, particularly under a plain error standard of review, the instant sentence, varying as it does from the Guideline range, is
AFFIRMED.